People v Egegbara (2024 NY Slip Op 03014)

People v Egegbara

2024 NY Slip Op 03014

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Ind. No. 4793/14 Appeal No. 2428 Case No. 2017-2776 

[*1]The People of the State of New York, Respondent,
v
Christopher Egegbara, Appellant.

Twyla Carter, The Legal Aid Society, New York (Jonathan Garelick of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment, Supreme Court, New York County (Anthony Ferrara, J.), rendered September 6, 2016, as amended November 7, 2016, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 18 years, unanimously affirmed.
Defendant's argument that the court erred when it permitted defendant's half-sister, who was not a witness to the crime, to give lay opinion testimony identifying defendant in a surveillance video is unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we find that any error was harmless, considering overwhelming evidence identifying defendant as the shooter and defendant's repeated statements of his intention to shoot the victim (see generally People v Crimmins , 36 NY2d 230 [1975]).
The court should not have admitted the two emails that defendant sent several months after the crime to a gun shop in which defendant inquired about purchasing 9 millimeter bullets. While the emails had some nonpropensity relevance, their probative value was outweighed by their prejudicial impact (see People v Alvino , 71 NY2d 233, 241-242 [1987]). However, the admission of the emails was likewise harmless in view of the overwhelming evidence of defendant's guilt.
The court properly admitted the testimony of an eyewitness that the witness delayed in reporting the shooting to the police for months because the victim had threatened to kidnap the witness's daughter if the witness spoke to the police about the crime. This testimony was relevant and there was no basis for excluding it, because there is nothing in the testimony to suggest that defendant was the source of the threat.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024